HARDY, Judge.
Plaintiff brought this suit seeking a money judgment in the total amount of $809.83 represented by an item' of $150 allegedly due' for cultivation of a ten-acre tract of land at $15 per acre for defendant, and the further sum of $659.83 alleged to have been overdrawn by defendant from the account of- plaintiff’s store in which .defendant was employed. 'By answer .defendant admitted the indebtedness to the extent of the $150 item for farm cultivation but denied the correctness of the remaining item. *253 Assuming- the position of plaintiff in recon-vention defendant alleged that he was employed as a clerk in plaintiff’s store at an unspecified salary, the reasonable value of his services 'on a quantum meruit basis being alleged at $150 per month. Additionally defendant claimed the sqm of $50 per month as the reasonable value of the services of his wife who assisted in the work in the store. The entire amount of defendant’s reconventional claim was asserted to be $1,475, subject to credits for cash and merchandise drawn from the store. After trial there was judgment for plaintiff, as prayed, from which defendant appeals.
There being no dispute as to the correctness of the amount due for farm cultivation, this item is not subject to discussion. It is the item of $659.83 allegedly overdrawn in cash and merchandise by the defendant from the store account which is primarily at issue.
Determination of the question depends to large extent upon the finding of fact as to the basis of agreement of employment between plaintiff and defendant.
Plaintiff owned a small store at Cloutier-ville in Natchitoches Parish, and, being in poor health, found it necessary to employ help in the operation thereof, during his disability. Plaintiff contends that he approached defendant with the proposition that the latter should engage to operate the store and accept as compensation an equal division of the net profits derived from the business. Unquestionably defendant entered'upon the duty of operating the store on or about February 6, 1951, and continued in such capacity until September 24, 1951, when he quit, with some display of anger.
Plaintiff’? claim and the grounds noted are resisted by defendant who urgently insists that the basis of his employment was not concerned in any respect with a division of profits but was to be considered on the basis of a straight salary at what he contends was the- “going” rate in similar stores in or near the same community. In addition to this factual defense defendant opposes plaintiff’s demand on the ground that the asserted debt is a partnership operation with respect to which plaintiff is without right to sue until the dissolution and liquidation of such partnership.
It is to be observed in passing that defendant’s ■ factual ancj legal defenses, as above outlined, are totally inconsistent. If he -was employed, as he contends, at a monthly wage indeterminate in amount then certainly no question of partnership could be involved.
On the facts we think the record fully justifies the support of plaintiff’s position with reference to the terms of employment. The testimony of plaintiff on this point is substantiated by other witnesses. On the other hand we think defendant has failed to produce sufficient competent evidence to support his claim. A further fact militating against the acceptance of defendant’s version is the vagufe'and nebulous character of the agreement as to the amount of monthly compensation which he now attempts to support on the basis of quantum meruit.
Nor do we find any validity in defendant’s contention as to the existence of a partnership. Examination of the record utterly fails to disclose any evidence supporting the conclusion that either party intended to effect a partnership agreement.
We think the resolution of the matter -on the established facts is very plain, namely, that plaintiff employed defendant ón a profit sharing basis. This conclusion is not only supported by the testimony but is borne out by plaintiff’s actions, as after defendant’s hasty and angry act terminating his employment plaintiff consulted both an'attorney and a public accountant and had prepared by the latter a profit and loss statement covering operations for the period between February 6 and September 24, 1951. -This statement reflected a gross profit of $379.29 which was equally apportioned between plaintiff ■ and defendant. A ■ reconciliation of defendant’s drawing account in merchandise and cash over the same period demonstrated the fact that he was *254 ■overdrawn, above his share of the profits, in the amount of $659.83. It is not unreasonable to infer that defendant’s claim for salary was an .afterthought' which was indicated by demand for settlement of his overdrawn account. However this may be, there is no question but that the preponderance of the evidence supports the claims of plaintiff. We find not the slightest merit with respect to the claim of defendant’s wife for compensation.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.